Prob 12B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PETITION TO MODIFY THE CONDITIONS OR TERM OF SUPERVISION
WITH CONSENT OF THE OFFENDER
*(Probation Form 49, Waiver of Hearing, is on file)*

**Offender Name:** Ronald Bradford LIPMAN

**Docket Number:** 2:09CR00135-02

**Offender Address:** Roseville, California

**Judicial Officer:** Honorable Garland E. Burrell, Jr.
United States District Judge
Sacramento, California

**Original Sentence Date:** 02/01/2010

**Original Offense:** 18 USC 641 - Theft of Government Funds
(CLASS C FELONY)

**Original Sentence:** 33 months custody Bureau of Prisons; 36 months Term of Supervised Release; $66,972.00 restitution; $100 special assessment; No firearms; DNA collection; Mandatory UA.

**Special Conditions:** 1) Search; 2) Shall not dissipate any assets; 3) Financial disclosure; 4) No new debt or credit; 5) Shall participate in an outpatient correctional treatment program for drug or alcohol abuse; 6) Substance abuse testing; 7) Alcohol restrictions; 8) Mental health treatment; 9) Aftercare co-payment for treatment or testing services; 10) Gambling restrictions.

**Type of Supervision:** Supervised Release

**Supervision Commenced:** 11/22/2011

**Assistant U.S. Attorney:** Russell Carlberg      **Telephone:** (916) 554-2700

**Defense Attorney:** To be assigned      **Telephone:** (916) 498-5700

**Other Court Action:**

RE:     **Ronald Bradford LIPMAN**
        **Docket Number:  2:09CR00135-02**
        <u>**PETITION TO MODIFY THE CONDITIONS OR TERM**</u>
        <u>**OF SUPERVISION WITH CONSENT OF THE OFFENDER**</u>

**<u>07/16/2012</u>:**                          <u>Reassigned</u>: Senior United States District Judge Frank C.
                                    Damrell Jr. (retired), to Your Honor for all further
                                    proceedings.

## PETITIONING THE COURT

**To modify the conditions of supervision as follows:**

11.     The defendant shall reside and participate in an inpatient correctional treatment program to obtain assistance for drug and/or alcohol abuse, for a period of up to 90 days, **and up to 10 additional days for substance abuse detoxification services if deemed necessary.**

**Justification:** On July 1, 2012, Roseville Police Department (RPD) Officers received information that a suspicious vehicle was traveling through an apartment complex recklessly, at a high rate of speed, with multiple flat tires. RPD officer's arrived to the reported location and found Mr. Lipman sitting on the curb next to the reported vehicle. Mr. Lipman confirmed he was changing the tires on the vehicle. During questioning, officers formed the observation that Mr. Lipman was displaying the objective symptoms of intoxication.  Mr. Lipman was unable to perform the Standard Field Sobriety Test administered and was deemed unable to safely operate a motor vehicle.

Thereupon, Mr. Lipman was transported to the Roseville jail and was booked for violating California Vehicle Code (VC) Section 23152(B): Driving Under the Influence (misdemeanor). Two Preliminary Alcohol Screening's (PAS) were administered at the station, which yielded a blood alcohol level of .155%, and .135%. He was subsequently released pending future court proceedings.

To Mr. Lipman's credit he immediately contacted the undersigned probation officer to report the incident.  Following receipt of the arrest report, the offender was instructed to report to the U.S. Probation Office, Roseville Branch, in order to discuss the alleged conduct.  He admitted to the conduct, advising he had exercised poor judgement.

RE:     **Ronald Bradford LIPMAN**
        **Docket Number:  2:09CR00135-02**
        <u>**PETITION TO MODIFY THE CONDITIONS OR TERM**</u>
        <u>**OF SUPERVISION WITH CONSENT OF THE OFFENDER**</u>

Mr. Lipman was strongly admonished by the probation officer for his involvement in violation conduct which potentially could have caused undue harm to unsuspecting victims. He was reminded how lucky he was no one was hurt as a result of his recklessness, and he was instructed to refrain from drinking alcohol forthwith. Further, as an immediate sanction, his drug testing was increased to the most intensive testing phase.

Mr. Lipman's overall adjustment to supervised release is considered to be marginal at best. He has remained unemployed, residing with his mother in her home located in Roseville, California. On April 20, 2012, his enrollment in the Foodlink-Truck Driving School was terminated as a result a positive drug test (namely methamphetamine).

Mr. Lipman explained that his chronic unemployment status has led to financial hardship and as a result induced feelings of depression and stress. He stated that although he was not trying to excuse his behavior, at the time he could not handle the stress and used alcohol as an outlet. Mr. Lipman articulated the severity of his substance abuse and conveyed he was amenable to inpatient substance abuse treatment.

Throughout Mr. Lipman's period of unemployment, the undersigned probation officer has worked closely with him in hopes to achieve employment. He was referred to the Probation Office's Employee Assistance Program and he was enrolled in a specialized group to assist in his job search activities. To date, none of the interventions have been successful. It is the opinion of the undersigned that Mr. Lipman genuinely hoped to obtain full-time employment but was the victim of circumstance.

When taking all factors into consideration, it is the undersigned's opinion that Mr. Lipman's behavior can only be described as  irresponsible and selfish. Moreover, it appears that his time in custody, or his status on supervised release, is not enough to deter him from operating a motor vehicle while intoxicated and placing an undo safety risk to others in the community. In aggravation is the fact that Mr. Lipman  was well aware that his conditions of supervised release prohibit him from using alcohol. It is clear Mr. Lipman is struggling to maintain sobriety.

RE:   **Ronald Bradford LIPMAN**
      **Docket Number:  2:09CR00135-02**
      **PETITION TO MODIFY THE CONDITIONS OR TERM**
      **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

The Probation Officer believes a intervention/sanction is appropriate at this time in order to impress upon Mr. Lipman the severity of his actions and hopefully deter him from any future deviant type behavior which would place him in violation of his conditions of supervised release.  As such, Mr. Lipman was given the opportunity to sign a waiver to modify his conditions of supervision to include his participation in a inpatient drug and alcohol treatment program for a period not to exceed 90 days. Mr. Lipman stated he was amenable and signed the waiver accordingly.

The above-noted matter is still pending in Placer County Superior Court, with Mr. Lipman scheduled to appear August 8, 2012. Once adjudicated, the probation officer will advise the Court of any additional information which may warrant Court action.

                              Respectfully submitted,

                               /s/ Vladimir Pajcin

                              **VLADIMIR PAJCIN**
                              **United States Probation Officer**
                              Telephone:  (916) 786-2357

**DATED:**   July 19 , 2012
            Sacramento, California
            VP:jc


**REVIEWED BY:**    **/s/ Kyriacos M. Simonidis**
                   **KYRIACOS M. SIMONIDIS**
                   **Supervising United States Probation Officer**

RE:   Ronald Bradford LIPMAN
      Docket Number:  2:09CR00135-02
      **PETITION TO MODIFY THE CONDITIONS OR TERM**
      **OF SUPERVISION WITH CONSENT OF THE OFFENDER**

---

**THE COURT ORDERS:**

(X)   Modification approved as recommended.

( )   Modification not approved at this time.  Probation Officer to contact Court.

( )   Other:

Dated:  July 19, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge


cc:   United States Probation
      Russell Carlberg, Assistant United States Attorney
      Federal Public Defenders
      Defendant
      Court File